UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JENNIFER ANDREWS,

        Plaintiff,                          Case No. 4:04-CV-111

v.                                                Hon. Gordon J. Quist

MOORE ELECTRICAL SERVICE, INC.,

        Defendant.

_____/

## **OPINION**

Now before the Court is Defendant Moore Electrical Service, Inc.'s motion for summary judgment that Plaintiff Jennifer Andrews failed to establish a prima facie case under the Equal Pay Act that Defendant paid her less than two male employees for "equal work on jobs the performance of which require[d] equal skill, effort, and responsibility, and which [were] performed under similar working conditions," in violation of 29 U.S.C. § 206(d)(1). For the following reasons, the Court will deny Defendant's motion.

## **BACKGROUND**

Moore Electrical Service, Inc. ("Moore Electrical"), an electrical contractor, hired Jennifer Andrews ("Andrews") in June of 2000. Andrews worked at Moore Electrical from June of 2000 to July 31, 2002. When hired, Andrews was paid $560 per week. Andrews asserts that, while at Moore Electrical, she was trained to be and was its purchasing agent. She alleges that, as purchasing agent, she was paid less than both her male predecessor and male successor.

Her alleged predecessor, Robert Moss ("Moss"), worked at Moore Electrical from 1989 to 2000. Moore Electrical asserts that Moss was hired to assist the company's owner, Kim Nuyen, in

purchasing and coordinating material deliveries.[1]  Moore Electrical terminated Moss three weeks after it hired Andrews.  At the time Moss was terminated, Moore Electrical asserts that Moss' duties included purchasing supplies, purchasing tools and coordinating their delivery, billing, and coordinating the servicing of company vehicles.  Although Moss was also named the company's treasurer, no duties were associated with that position.  (Yager dep. at 8.)  Gary Yager, Executive Vice President of Moore Electrical, testified that 80 percent of Moss' time consisted of his purchasing duties.  (Yager dep. at 20.)  When Moss was terminated, he was being paid $975 per week.

Once Moss was let go, Andrews was trained to take over his purchasing duties.  In addition to purchasing, Andrews testified that she would pull material from the warehouse, write up packing tickets, arrange for delivery, assist in pricing, and assist with bid documents.  (Andrews dep. at 214.)  Andrews was responsible for purchasing, and did these other duties, until she was let go on July 31, 2002.  At that time, Andrews was being paid $600 per week.  "After Andrews was terminated, [Moore Electrical] needed a new purchasing agent."  (Def.'s Br. Supp. Mot. Summ. J. at 7.)  Moore Electrical hired John DeLoof ("DeLoof"), who had been the purchasing agent of one of Moore Electrical's competitors for a number of years, as its new purchasing agent in September 2002.  When DeLoof started, Moore Electrical paid him $950 per week.

## DISCUSSION

**A. Standard of Review**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©  Material facts are facts

---

[1] Moore Electrical also notes that Moss was hired to assist Nuyen in submitting shop drawings.  (Nuyen dep. at 40.)  Submitting shop drawings, however, is part of the purchasing duties.  (Yager dep. at 39-40.)

which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

**B. Equal Pay Act Claim**

"The Equal Pay Act . . . forbids paying workers of one sex less than workers of the opposite sex for equal work that requires equal skill, effort, and responsibility, unless the pay differential is justified by factors other than sex, such as seniority, merit, experience, or education." *Howard v. Lear Corp.*, 234 F.3d 1002, 1004 (7th Cir. 2000); s*ee also Balmer v. HCA, Inc.*, 423 F.3d 606, 611-12 (6th Cir. 2005). To establish a prima facie case under the Equal Pay Act, a plaintiff must show that an employer paid "different wages to an employee of the opposite sex 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Odomes v. Nucare, Inc.*, 653 F.2d 246, 250 (6th Cir. 1981) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S. Ct. 2223, 2228 (1974)). If a plaintiff establishes her prima facie case, "the burden then shifts to the defendant to show that one of four affirmative defenses justifies the difference in pay. The affirmative defenses are: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any factor other than sex." *Balmer*, 423 F.3d at 612 (citations omitted).

In this case, Moore Electrical moves for summary judgment on the ground that Andrews failed to establish her prima facie case. It does not argue that it is entitled to summary judgment on

3

any affirmative defense it may have. Thus, we need consider only whether Moore Electrical is entitled to summary judgment on the ground that there is no genuine issue of material fact as to whether Andrews has shown that Moore Electrical paid her less than two male employees for "equal work." It is undisputed that Andrews was paid less than the two male employees she uses as comparators. The issue, then, is whether Andrews, relative to these two male employees, performed "equal work on jobs requiring equal skill, effort, and responsibility under similar working conditions." *Hauschild v. United States*, 53 Fed. Cl. 134, 138 (2002).

"Congress did not intend through use of the phrase 'equal work' to require that the jobs be identical. Instead, to effectuate the remedial purposes of the Equal Pay Act, only substantial equality of skill, effort, responsibility and working conditions is required." *Odomes*, 653 F.2d at 250. "Insubstantial or minor differences in the degree or amount of skill, or effort, or responsibility required for the performance of jobs will not render the equal pay standard inapplicable." 29 C.F.R. § 1620.14(a). In determining whether a plaintiff has established that two jobs are substantially equal for the purpose of making out a prima facie case, the focus "is on the primary duties of each job." 29 C.F.R. § 1620.15(a).

Moore Electrical argues that Andrews did not have a substantially equal job the performance of which required equal skill, effort, and responsibility, as that performed by either Moss or DeLoof. With respect to Moss, Moore Electrical asserts that the extra duties he performed, which Andrews did not perform, demonstrates that the jobs were not equal. In support of this position, Moore Electrical contends that after Moss was terminated, his job duties were dispersed to eight employees. Furthermore, Moore Electrical maintains, Andrews was simply hired to assist Moss in purchasing, and, after Moss was terminated, she never took over the full scope of Moss' purchasing duties. (Def.'s Br. Supp. Mot. Summ. J. at 10.) Finally, Moore Electrical argues, there was no equality of

4

skill between Andrews and Moss, for when Moore Electrical hired Andrews, "Moss had been performing his job for 11 years." *Id.* Similarly, with respect to DeLoof, Moore Electrical argues that Andrews "never did the same work DeLoof would come to do" (Def.'s Reply Br. Supp. Mot. Summ. J. at 6) and that DeLoof was substantially more experienced than Andrews as a purchasing agent.

First, in considering whether Andrews has established that a genuine issue of material fact exists as to whether she and Moss had "substantially equal jobs," the Court notes that additional duties may demonstrate that two jobs are not substantially equal. *Brennan v. Prince William Hosp. Corp.*, 503 F.2d 282, 285 (4th Cir. 1974) ("One of the most common grounds for justifying different wages is the assertion that male employees perform extra tasks."). Extra tasks "may support a wage differential if they create significant variations in skill, effort, and responsibility between otherwise equal jobs." *Id.* For instance, in *Hein v. Oregon College of Education*, 718 F.2d 910, 914 (9th Cir. 1983), the court held that a male's teaching job and a female's teaching job were not equal where the female teacher spent "100% of her time teaching lecture classes" while the male teacher spent 75% of his time teaching lecture classes and 25% of his time coaching, "as [a] coaching job plainly requires skills that a noncoaching job does not." Similarly, in *Howard*, 234 F.3d at 1005, the court found that a female human resources manager at one of defendant's plants did not perform substantially equal work as a male human resources manager at another of defendant's plants where the female human resources manager was responsible for only 40 salaried workers in a nonproduction plant, while the male human resources manager was responsible for 127 employees at a production facility, and thus had "more employees to train, . . . hourly wages to track, and a greater number of personnel records to monitor and maintain," which required greater skill and effort. Although both the *Hein* and *Howard* courts found that the extra tasks the male employees

5

were required to perform created significant variations in skill and effort to make the jobs "unequal," extra tasks will not support higher-pay if the tasks do not consume a significant amount of time or are of peripheral importance. *Prince William Hosp.*, 503 F.2d at 286; s*ee also Odomes*, 653 F.2d at 250. Moreover, "an employer cannot successfully assert an extra duties defense where . . . [m]embers of the lower paid sex also perform extra duties requiring equal skill, effort, and responsibility." 29 C.F.R. § 1620.20(b); s*ee also Prince William Hosp.*, 503 F.2d at 286.

For the following reasons, the Court concludes that Moore Electrical is not entitled to summary judgment on the ground that Andrews failed to establish a prima facie case that her job was substantially equal to that performed by Moss because of the extra duties that Moss performed. First, Moss spent 80% of his time on his purchasing duties, for which Andrews became trained and required to perform. Moore Electrical asserts, however, that Andrews never fully performed the purchasing duties; rather, Moore Electrical continues, after Moss left, the project managers started to do some of the purchasing while Andrews was being trained, and the project managers continued to do some of the purchasing throughout Andrews' tenure at the company. (Nuyen dep. at 60.) In considering whether a plaintiff has made out a prima facie case under the Equal Pay Act, the focus is on the duties of the relevant employees, not on how the employees actually perform the duties. *Hauschild*, 53 Fed. Cl. at 138. If Andrews had substantially the same duties as Moss, even though she may not have performed those duties as well as Moss (such that others had to pick up the slack), Andrews would still make out a prima facie case.[2] In this case, a genuine issue of material fact exists as to whether Andrews had the full duties of purchasing agent. First, Andrews testified that after Moss was terminated she was trained for approximately two weeks and then took over the

---

[2] The manner in which a plaintiff actually performs her duties would certainly be relevant in considering a defendant's affirmative defense that a wage differential is based on a factor other than sex. However, as noted above, Moore Electrical does not argue that it is entitled to summary judgment on any affirmative defense it may have.

6

purchasing duties at the company. (Andrews dep. at 129.) Moore Electrical acknowledges that she was trained to be its new purchasing agent. (Yager dep. at 33) (noting that once Moss was dismissed, Yager had Jim Wiersema train Andrews in purchasing); (Nuyen dep. at 89-90) (noting that both DeLoof and Andrews were purchasing agents for the company). Moreover, Moore Electrical admits that Andrews had the same duties as DeLoof, (Nuyen dep. at 51), and Moore Electrical does not maintain that DeLoof did not have the full duties of purchasing agent. Thus, Andrews has established an issue of fact as to whether her job duties were the same as at least 80% of Moss's job duties.

Since there is no difference in the skill, effort, or responsibility required to perform jobs where the duties are the same, the issue then becomes whether the extra tasks Moss performed required additional skill, effort, or responsibility such that his and Andrews' jobs were "unequal." The extra tasks Moss is claimed to have performed include purchasing tools and coordinating their delivery, billings, and coordinating the servicing of company vehicles.[3] If Moss was required to perform these extra tasks, and if Andrews' duties only included purchasing supplies, then one might conclude that Moss' job entailed greater effort (20% more). Andrews, however, also performed other tasks. Andrews testified that she would pull material from the warehouse, write up packing tickets, arrange for delivery, assist in pricing, and assist with bid documents. (Andrews dep. at 214.) It is unclear, however, what percentage of her time these duties comprised. Nonetheless, these duties

---

[3] In support of its position that the extra tasks Moss performed made his job and Andrews' "unequal," Moore Electrical notes that after Moss was terminated, his job duties were dispersed to eight employees. The fact that eight employees performed the duties Moss had previously been required to perform does not add additional weight to Moore Electrical's claim that Andrews' and Moss' jobs were unequal where the evidence indicates that Andrews took over Moss' purchasing duties, which constituted 80% of his job, such that the remaining duties only constituted 20% of his job. Since Andrews was one of the eight employees who took over Moss' duties, this means that 20% of Moss' duties were distributed to seven people. Thus, even if Moore Electrical had claimed that Moss' duties were distributed to sixteen people, that would not add additional weight to its claim, since, in either case, the pie of duties that is distributed is still only 20%.

7

need not comprise 20% of her time for equality of effort to exist, since, to advance the remedial purposes of the Act, identical effort is not required. Moreover, the regulations note that "a finding that one job requires employees to expend greater effort for a certain percentage of their working time than employees performing another job, would not in itself establish that the two jobs do not constitute equal work." 29 C.F.R. § 1620.14©. Thus, Moore Electrical has not shown that Andrews failed to raise an issue of fact as to whether her job required substantially equal effort as required by Moss' job.

The extra tasks Moss performed also did not require substantially greater skill than the tasks performed by Andrews. Moss' job of purchasing and coordinating the deliveries of tools involved essentially the exact same skills needed in purchasing and coordinating the delivery of supplies, which was Andrews' job. (Nuyen dep. at 122) (noting that Andrews coordinated the delivery of supplies). Moreover, it appears that Moss' billing duties were simply a clerical function not requiring substantially greater skill to perform than those tasks performed by Andrews. Moss' duty of coordinating the servicing of company vehicles also did not require greater skill to perform than those tasks performed by Andrews, as it simply involved keeping a log of the company trucks and scheduling service appointments. (Yager dep. at 10-11.) Thus, an issue of fact exists as to whether Moss' job duties required substantially greater skill to perform than Andrews' job duties.

Moore Electrical argues, however, even if there is an issue of fact as to whether Moss' job duties required substantially greater skill to perform than Andrews' job duties, it is still entitled to summary judgment because there was no equality of skill between Moss and Andrews as Moss had over 11 years of experience at Moore Electrical when it hired Andrews. This argument is not relevant in considering whether Andrews has made out a prima facie case under the Equal Pay Act. "The statute explicitly applies to jobs that require equal skills, and not to employees that possess

8

equal skills. . . . The only comparison of skills that should be made in a prima facie case is a comparison of skills required by a job." *Hein*, 718 F.2d at 914; *see also Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 592 (11th Cir. 1994) (noting that in considering whether a plaintiff has made out a prima facie case "[i]n Equal Pay Act cases, we compare the jobs, not the individual employees holding those jobs.") (citation omitted). Thus, although Moss' work experience would be an affirmative defense, *see Balmer* 423 F.3d at 612-13, Moore Electrical moved for summary judgment only on the ground that Andrews failed to establish a prima facie case.

Finally, Moore Electrical has not shown that Moss' job required any greater responsibility than Andrews' job. Although Moore Electrical asserts that Andrews was hired to assist Moss, Andrews disputes that characterization. Rather, Andrews claims that she was hired to work in the front-office. (Andrews dep. at 41.) In any event, even if Andrews had been hired to assist Moss, Moore Electrical does not offer any evidence suggesting that part of Moss' duties was to supervise Andrews. Moreover, Moore Electrical notes, while Moss received assistance in performing his duties of purchasing tools and coordinating their delivery, he was the "ultimate boss." (Yager dep. at 20.) Again, however, Moore Electrical does not explain what, if any, supervisory responsibilities this job entailed.

Since the Court concludes that Andrews has made out a prima facie case that her job was substantially equal to that performed by Moss, the Court next considers whether Andrews has made out a prima facie case that her job was substantially equal to DeLoof's job. This comparison presents an easier question than the comparison between Andrews and Moss, for Moore Electrical does not assert that DeLoof performed any duties beyond purchasing. Instead, Moore Electrical argues that Andrews never actually performed the same job that DeLoof performed. As mentioned above, in considering whether a plaintiff has made out a prima facie case under the Equal Pay Act,

9

the focus remains on the duties that the parties were called on to perform, not on how they actually performed those duties.[4]  Kim Nuyen testified that DeLoof and Andrews had the same duties.[5] Moore Electrical also argues that DeLoof was substantially more experienced than Andrews.  Again, as noted above, although this would be an affirmative defense, it is not relevant in considering whether Andrews has made out her prima facie case.  Since Moore Electrical admits that Andrews had the same duties as DeLoof, and since equal skill, effort, and responsibility is required for the performance of jobs where the duties are the same, Andrews has made out a prima facie case under the Equal Pay Act that her job was substantially equal to that performed by DeLoof.

## CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion for summary judgment. An Order consistent with this Opinion will be entered.

Dated:  November 2, 2005                                /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE

---

[4] Again, how the parties actually performed the duties would be relevant to a defendant's affirmative defense that a wage differential is based on a factor other than sex.  However, Moore Electrical has not moved for summary judgment on the basis of this affirmative defense.

[5] The following is the colloquy between Plaintiff's counsel and Nuyen concerning Andrews' and DeLoof's duties:
> Q: Is there anything that Ms. Andrews did while she worked for Moore Electrical that Mr. Deloof did not do?
> A: No
> Q: So basically you're saying they did the same duties; is that correct?
> A: Yes.

(Nuyen dep. at 51.)